IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL R. SIGMON
    Plaintiff,

v.      *     CIVIL ACTION NO. RDB-14-2141

HILLEN TIRE
THE HONORABLE JUDITH C. ENSOR
THE CIRCIUIT COURT FOR BALTIMORE
  COUNTY
LESLIE W. GAWLIK
    Defendants.

*****

## MEMORANDUM OPINION

On July 2, 2014, Plaintiff, a resident of Hooverville, Pennsylvania, filed this Complaint under 28 U.S.C. § 1331. He alleges that he suffers from mental health and medical conditions causing him exhaustion and difficulty driving. Plaintiff seemingly complains that he was not afforded the opportunity of teleconferencing into an April 9, 2014 motions hearing held in the Circuit Court for Baltimore County, Maryland in the case of *Sigmon v. Hillen Tire, et al.* Case No. 03C14000594.[1] He contends that that court should have allowed him to attend the hearing by telephone as was done by the Circuit Court for Baltimore City in October of 2012. He asks that the Court remand his case to the Circuit Court for Baltimore County with specific directions that he be allowed to attend the hearing by telephone. Because Plaintiff satisfies indigency requirements, his Motion for Leave to Proceed In Forma Pauperis shall be granted. The Complaint against Defendants shall, however, be

---

[1] The state court docket reveals that on January 10, 2014, Plaintiff filed an Administrative Agency Appeal of a Workers Compensation Commission decision. On April 9, 2014, a hearing was held before Judge Judith Ensor. It appears that Judge Ensor ordered the case transferred to the Worker's Compensation Commission.

summarily dismissed.

For all intents and purposes, Plaintiff is asking this Court to intervene in his state court proceeding. He asks that his case be "remanded" to the circuit court and that the state court be compelled to provide him a special accommodation which would allow him a telephone hearing. The Court is without jurisdiction to do so.

First, under the *Rooker-Feldman* doctrine,[2] a federal court does not have jurisdiction to overturn and remand a state court judgment, even when the federal complaint raises allegations that the state court judgment violate a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[3] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

Further, this Court has no authority to compel a state court to take action. A federal court does not have jurisdiction over state entities or employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3 (4th Cir. 1999).

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[3] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.

For the aforementioned reasons, the Complaint shall be dismissed.[4]  A separate Order follows this Opinion.

Date: July 8, 2014            _/s/ Richard D. Bennett_
                                    RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff may seek to challenge Judge Ensor's decision by filing a timely appeal.